IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAURANCE MOON and, ) <br> MAURICE WATTS ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BSL EXPRESS TRUCKING, INC., ) <br> BSL EXPRESS, LLC, ) <br> FATKHUDDIN KURBONOV ) <br> and SERGHEI BUREICO ) <br>     Defendants. ) <br> _____) | Case No.: 1:21-cv-3063 |

## **NOTICE OF REMOVAL**

Defendants, BSL Express Trucking, Inc., B S L Express Inc. (improperly named as BSL Express LLC), Fatkhuddin Kurbonov, and Serghei Bureico (collectively, "BSL Defendants"), by counsel, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, hereby give notice of removal of this action from the Circuit Court of Henry County, Indiana, to the United States District Court for the Southern District of Indiana, Indianapolis Division, and in support thereof state the following:

### **Background**

1. On November 18, 2021, Plaintiffs commenced a civil action in the Circuit Court of Henry County, Indiana, under Cause No. 33C02-2111-CT-000070, by filing a Complaint for Damages. Plaintiff then filed a First Amended Complaint on December 3, 2021, adding BSL Express Trucking, Inc. as a Defendant.

2. Plaintiff's Amended Complaint asserts negligence claims against the BSL Defendants relating to personal injuries the Plaintiffs allegedly sustained on June 10, 2021, when they were involved in a motor vehicle accident with the BSL Defendants in Henry County, Indiana.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 94(b)(1) and 1441(a), because the United States District Court for the Southern District of Indiana, Indianapolis Division, is the federal judicial district and division embracing the Circuit Court of Henry County, Indiana, where this action is pending.

4. By filing this Notice of Removal, BSL Defendants do not waive their rights to object to service of process, the sufficiency of process, or jurisdiction over the person, and BSL Defendants reserve the right to assert any such defenses and objections to which they may be entitled.

5. For the reasons set forth below, this Court has original subject matter jurisdiction over this civil action under 28 U.S.C. § 1332 and this case is removable under 28 U.S.C. §§ 1441 and 1446.

## Removal is Timely

6. 28 U.S.C. § 1446(b) provides the following time limitation on removal of civil actions:

> The notice of removal of a civil action or proceeding shall be filed **within 30 days after the receipt by the defendant**, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(emphasis added).

7. Counsel for BSL Defendants accepted service on behalf of all Defendants, including newly added BSL Express Trucking, Inc. on December 6, 2021.

8. Because Defendants are filing this Notice on December 17, 2021, within thirty (30) days after BSL Express Trucking, Inc. received a copy of the Complaint, removal is timely.

## **Complete Diversity of Citizenship Exists Among the Parties**

9. Plaintiff Laurance Moon is a citizen of the State of Ohio.

10. Plaintiff Maurice Watts is a citizen of the State of Ohio.

11. Defendant Fatkhuddin Kurbonov is a citizen of the State of California.

12. Defendant Serghei Bureico is a citizen of the State of Illinois.

13. Defendant B S L Express, Inc. (improperly named as BSL Express LLC) is a citizen of the State of Illinois as it is incorporated under the laws of the State of Illinois and maintains its principal place of business in Illinois.

14. Defendant BSL Express Trucking Inc. is a citizen of the State of Illinois as it is incorporated under the laws of the State of Illinois and maintains its principal place of business in Illinois.

15. The controversy in this action is entirely between citizens of different states of the United States as set forth above, and BSL Defendants desire to remove said cause from the Circuit Court of Henry County, Indiana, to the United States District Court for Southern District of Indiana pursuant to 28 U.S.C. 1332(a)(1) and 1441(a).

## **The Amount In Controversy Requirement is Satisfied**

16. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. The defendant invoking federal jurisdiction has the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional minimum. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Where, as here, the Complaint does not specify the amount in controversy, the removing defendant must show "a reasonable probability" that the jurisdictional

minimum has been met. *Malinowski v. Walgreen Co.*, NO. 2:08-CV-173 RM, 2008 WL 2704740, at *3 (N.D. Ind. July 3, 2008) (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)). "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

17. In a communication on December 3, 2021, Plaintiffs' counsel advised BSL Defendants' counsel that the amount in controversy in this cause exceeds $75,000, exclusive of interests and costs.

18. Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable by Defendants.

## Removal is Appropriate

19. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and removal is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

20. Pursuant to Local Rule 81-2(a), attached as Exhibit A is a complete copy of the State Court Record including the state court docket sheet, all process, pleadings, motions, orders, and other filings, organized in chronological order by the state court filing date, which have been filed and/or served on Defendants in the state court action.

21. Pursuant to Local Rule 81-2(c), attached as Exhibit B is a copy of the operative Complaint for Damages and First Amended Complaint for Damages in the state court action.

22. The required filing fee of $400.00 has been paid to the Clerk of the United States District Court for this Notice of Removal.

23. Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal is being served upon

Plaintiff and contemporaneously filed with the Clerk of the Superior Court of Marion County, Indiana, attached as <u>Exhibit C.</u>

                                              Respectfully submitted,

                                              KIGHTLINGER & GRAY, LLP

By:   /s/Alyson M. Kern_____
        Erin A. Clancy, I.D. No. 21962-49
        Alyson M. Kern, ID No. 35270-29
        *Attorney for Defendants, BSL Express Trucking,*
        *Inc., BSL Express, LLC, Fatkhuddin Kurbonov,*
        *Serghei Bureico*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of December, 2021, the foregoing was electronically filed– through the Court's E-Filing system – on the following:

Jon P. Clemons
The Law Offices of Blake R. Maislin, LLC
2260 Francis Lane
Cincinnati, OH 45206
jclemons@maislinlaw.com
*Attorney for Plaintiffs*

                                              /s/Alyson M. Kern_____
                                              Alyson M. Kern

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 N. Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521
eclancy@k-glaw.com
akern@k-glaw.com

210818\61707602-1